IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPENTA ENTERPRISES LTD, and<br>HOSHANG R. KARANI | )<br>)<br>) | |
| Plaintiffs, | ) | Case No. 08 C 0495 |
| v. | )<br>) | Judge Gettleman |
| CHIZUCO COLEMAN and<br>ROBERT COLEMAN, | )<br>)<br>) | Magistrate Judge Cole |
| Defendants. | )<br>) | |

### DEFENDANTS' MOTION TO DISMISS

NOW COMES Defendants, CHIZUCO COLEMAN and ROBERT COLEMAN, by and through their attorneys David A. Kaufman and Associates, David Kaufman and Jeremy Kramer, and for their Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(1), Rule 12(b)(6) and Rule 9(b), respectfully move this Court for a dismissal of all Counts of Plaintiffs' Complaint. In support of its request, Defendants state as follows:

### INTRODUCTION

Plaintiffs and Defendants are sophisticated business entities who entered in to contract for the purchase of Coleman Fire Proof Door Co. and all of its stock on September 27, 2006. The parties executed the Stock Purchase Agreement, attached as Exhibit A to the Complaint, along with several addendum and additional agreements.

Plaintiffs filed suit in this case on January 22, 2008 alleging numerous counts including breach of contract (Counts I, II, III, VII and VII), indemnification (Count IV), fraud (Count V and VI) and declaration of rights (Count IX).

1

All of Plaintiff claims must be dismissed under Fed.R.Civ.P. Rule 12(b)(1) as this Court does not have jurisdiction to hear this case under the terms of the Stock Purchase Agreement. Similarly, all Counts alleging fraud, namely Counts V and VI, must be dismissed under Fed.R.Civ.P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted due to Plaintiffs' failure to meet the Fed.R.Civ.P. Rule 9(b) heightened pleading requirements.

## ARGUMENT

I.   Legal Standards Applicable for Dismissal under F.R.C.P. 12(b)(1)

Rule 12(b)(1) provides for dismissal of a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. Rule 12(b)(1). A court must address Rule 12(b)(1) arguments before Rule 12(b)(6) arguments, because "once the district judge has reason to believe that there is a serious jurisdictional issue, [s]he is obliged to resolve it before proceeding to the merits." *Cook* v. *Winfrey,* 141 F.3d 322, 325 (7th Cir. 1998) (quoting *Crawford* v. *United States,* 796 Fold 924, 929 (7th Cir. 1986»). In determining whether it has jurisdiction, the court "must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Capitol Leasing Co.* v. *Fed Deposit Ins. Corp.,* 999 Fold 188, 191 (7th Cir. 1993). Nevertheless, "[t]he burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd* v. *Angus Chern. Co.,* 322 F.3d 942, 946 (7th Cir. 2003) (citation omitted).

II.   Stock Purchase Agreement Provides Courts in Lake County Illinois With Exclusive Jurisdiction

Pursuant to Fed. R. Civ. P. Rule 12(b)(1), the Court should dismiss this action in its entirety as it lacks jurisdiction to hear this dispute. Under the Stock Purchase Agreement, the Courts of Lake County, Illinois have exclusive jurisdiction over "all disputes between the parties

arising out of or relating to this agreement and other transactional documents." See Exhibit A to the Complaint Article 9.5. This forum selection clause is enforceable, valid and should be upheld by this Court.

Forum selection clauses are valid and enforceable in Illinois and in the Federal courts. In fact, "the parties' contractual choice of forum should be overridden only if that choice of forum would impose significant costs on third-parties or the judicial system." *Abbott Laboratories* v. *Takeda Pharm. Co. Ltd,* 476 F.3d 421, 423 (7th Cir. 2006). The Circuit's approach is to treat a forum selection clause like any other contractual provision and hence to enforce it unless it is subject to the sorts of infirmity such as fraud and mistake. *IFC Credit Corp.* v. *Alinao Brothers General Contractors, Inc.,* 437 F.3d 606, 610 (7th Cir. 2006). Freedom of contract requires no less. *Id*

Even if this Court were to apply Illinois law, rather than Federal law, concerning forum selection clauses the difference is little. Illinois law holds that a forum selection clause in a contract is prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. *Calanca* v. *D & S Mfg. Co.,* 157 Ill.App.3d 85 (Ill.App. 1987).

Here, the parties are both sophisticated business entities that entered into an agreement for the sale of a profitable business under the care of counsel. The parties negotiated and agreed as part of the Stock Purchase Agreement that "Courts within the State of Illinois (located within Lake County) will have exclusive jurisdiction over disputes between the parties arising out of or relating to this agreement and other transaction documents." See Exhibit A to the Complaint, Article 9.5. As such, only the courts located in Lake County, Illinois have jurisdiction to hear any dispute between the parties.

There is nothing unreasonable or significantly burdensome on Plaintiff if it is required to litigate any dispute in Lake County, Illinois. The parties bargained for choice of forum should be enforced and this case dismissed for lack of jurisdiction.

### III. Defendants' Claims of Fraud Should be Dismissed

Defendants' claims of common law fraud and violations of Federal Securities Fraud Section 10(b) should be dismisses pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted or in the alternative under Fed. R. Civ. P. Rule 9(b) for failure to meet heightened pleadings requirements.

On a motion to dismiss, a court accepts all well-pleaded allegations in the complaint as true, and should grant the motion only if the plaintiff can prove no set of facts to support its claim. *Thompson* v. *Ill. Dep't of Prof Regulation,* 300 F.3d 750, 753 (7th Cir. 2002). This Court should dismiss each of Plaintiffs' fraud claims since the factual allegations are not sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly,* 127 S.Ct. 1955, 1960 (May 27, 2007). Here, Plaintiffs' alleged causes of action are deficient as a matter of law.

Alternatively, this Court should dismiss Plaintiffs' fraud claims under Fed. R. Civ. P. Rule 9(b) as the allegations in the Complaint fail to meet the heightened pleading requirements for fraud. Rule 9(b) imposes more stringent pleading requirements upon complaints charging fraud than on complaints charging other types of misconduct. Fed. R. Civ. P. Rule 9(b). The Seventh Circuit has outlined these requirements in *DiLeo* v. *Ernst & Young,* when the Court held that plaintiffs must plead the circumstances constituting fraud in detail - the "who, what, when,

4

where and how." 901 F.2d 624, 626 (7th Cir. 1990). Here, Plaintiffs fail to allege many of these details including who, when, where and how. Thus, these Counts should be dismissed.

### A. Plaintiffs' Common Law Fraud Count Fails and Should be Dismissed

Plaintiffs' claim of common law fraud fails both under Fed.R.Civ.P. Rule 12b(6) and under Rule 9(b). The elements of fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiffs reliance upon the truth of the statement; and (5) plaintiffs damages resulting from reliance on the statements. *Transcontinental Industries* v. *Pricewaterhouse Coopers,* 475 F.3d 824 (7th Cir. 2007) citing *Connick* v. *Suzuki Motor Co.,* 174 Ill. 2d 482, 675 N.E.2d 584,591,221 Ill. Dec. 389 (Ill. 1997).

In *Transcontinental,* the Court held that the allegations in the amended complaint failed because the plaintiffs did not sufficiently allege facts to allow the court to make reasonable inferences that the defendant's alleged false statements were meant to induce the plaintiffs. This is analogous to the case at hand. Here, Plaintiffs fail to allege that Defendants' knew that the statements given in Para. 122 of Complaint were false or that Defendants' statements were an attempt to induce the Plaintiffs. Similarly, Plaintiffs fail to state *who* made such statements, *when* such statements were made, *where* such statements were made and *how* such statements were made. Defendants are entitled to have sufficient allegations made against them in order to be able to defend such claim. Without such, the claim should be dismissed.

### B. Plaintiffs Claims Under the Federal Securities Fraud Section lO(b) Fail

In order to state a claim for a private cause of action under Rule IOb-5, a plaintiff must allege: n(1) the defendant made a false statement or omission (2) of material fact (3) with

5

scienter (4) in connection with the purchase or sale of securities (5) upon which the plaintiff justifiably relied (6) and that the false statement proximately caused the plaintiffs damages." *Caremark, Inc.* v. *Coram Healthcare Corp.,* 113 F.3d 645, 648 (7th Cir. 1997).

With respect to 10b-5 causes of action, causation has two necessary components: "transaction causation" and "loss causation." *Id.* "To plead transaction causation, the plaintiff must allege that it would not have invested in the instrument if the defendant had stated truthfully the material facts at the time of the sale." *Id.* "To plead loss causation, the plaintiff must allege that it was the very facts about which the defendant lied which caused its injuries." *Id.* The Supreme Court in *Dura Pharmaceuticals, Inc.* v. *Broudo,* 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005), stressed that the complaint must "'specify' each misleading statement," *Dura,* 544 U.S. at 345, and that there must be "a causal connection between the material misrepresentation and the loss," *Id.* at 342, not simply that the misrepresentation "'touches upon' a later economic loss." *Id.* at 343.

In an analogous case, the Seventh Circuit held that without express allegations specifying each misleading statement and a casual connection to loss a complaint simply fails under Rule 12(b)(6) and Rule (9). *Transcontinental Industries* v. *PricewaterhouseCoopers,* 475 F.3d 824 (7th Cir. 2007). Here, Plaintiffs fail to adequately meet the Rule 9(b) requirements and utterly fail to allege any specific statements along with a causal connection to their loss. In fact, Plaintiffs have failed to allege any causation, transactional or loss. Thus, Plaintiffs' claims under the Federal Securities Fraud Section 10(b) should be dismissed.

## CONCLUSION

Plaintiffs Complaint and all of its allegations should be dismissed under Fed. R. Civ. P. Rule 12(b)(1) as the proper forum for settling any disputes lies in the courts located in Lake

County, Illinois. Alternatively, Plaintiffs' Counts V and VI should be dismissed under Fed. R. Civ. P. Rule 12(b)(6) or Rule 9(b).

WHEREFORE, Defendants respectfully request that the Court enter judgment in its favor and dismiss Plaintiffs' Complaint.

Respectfully submitted,

CHIZUCO COLEMAN and
ROBERT COLEMAN, Defendants,

*Isl David Kaufman*
By:
    One of their attorneys

David A. Kaufman, Esq. (ARDC # 6195977)
Jeremy Kramer, Esq., of counsel (ARDC #6237482)
David A. Kaufman and Associates
Counsel for Defendants
555 Skokie Boulevard-Suite 500
Northbrook, Illinois 60062-2845
Phone 847-480-1020
Fax 847-480-5740

7

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the *Defendants' Motion to Dismiss* was served on the attorneys listed below electronically via CM/ECF on March 21, 2008:

> Ralph C. Hardesty, Esq.
> Hardesty & Associates
> 55 West Monroe, Suite 3720
> Chicago, Illinois 60603

*Isl* David Kaufman

**David A. Kaufman, Esq. (ARDC # 6195977)**
**Jeremy Kramer, Esq., of counsel (ARDC #6237482)**
**David A. Kaufman and Associates**
**Counsel for Defendants**
**555 Skokie Boulevard-Suite 500**
**Northbrook, Illinois 60062-2845**
**Phone 847-480-1020**
**Fax 847-480-5740**