IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPENTA ENTERPRISES, LTD., ) | |
| an Illinois corporation, and ) | |
| HOSHANG R. KARANI, ) | |
|     Plaintiffs, ) | |
| v. ) | Civ. No.  08 C 0495 |
| CHIZUCO COLEMAN, and ) | Judge Gettleman |
| ROBERT COLEMAN, ) | |
|     Defendants. ) | |

**PLAINTFFS' BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

The Plaintiffs, Spenta Enterprises, Ltd. ("Spenta") and Hoshang R. Karani ("Karani") ("Plaintiffs"), by their attorney, Ralph C. Hardesty, respectfully submit this brief in opposition to the Motion to Dismiss the Complaint filed by the Defendants, Chizuco Coleman ("Chizuco") and Robert Coleman ("Robert")("Defendants").  Defendants' motion, brought under Fed. R. Civ. P. 12(b)(1) and (6), and 9(b), makes two main arguments: 1) that this federal district court is not the correct forum for Plaintiffs to have brought this action, based upon a "choice of forum" provision in one of the agreements executed between the parties in the stock purchase transaction at issue here, and 2) that Plaintiffs' allegations of federal securities fraud (Count V), and common law fraud (Count VI), are not sufficient, and/or factually specific enough.  It is important to note that other than the forum issue, there is no argument advanced against Counts I, II and III (breach of contract), Count IV (indemnification), or Counts VII and VIII (breach of non-compete agreements), so those counts will stand in any event.  Defendants' arguments must fail, and their motion should be denied. [1]

---

[1] When reviewing a Rule 12(b)(1) motion challenging subject matter jurisdiction, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. Fed.R.Civ.P. 12(b)(1); Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999); Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995) (*quoting* Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993) (*per curiam*).  Defendants also have moved under Rule 12(b)(6), which "challenges the

I. **The Stock Purchase Transaction Disputed Between the Parties Contained Four Different 'Choice of Forum' Provisions.**

Defendants' first argument is that the Stock Purchase Agreement, one of the agreements executed between the parties in the sale of the Defendants' business to Plaintiffs, contains a "choice of forum" provision that Defendants read as requiring this dispute to be brought in the Illinois state court located in Lake County, Illinois (that is, the Circuit Court of Lake County).

The Stock Purchase Agreement ("SPA") does contain what is commonly known as a "choice of forum" provision, and provides in pertinent part as follows:

> …**Submission to Jurisdiction**. …Courts within the State of Illinois (located within Lake County) will have exclusive jurisdiction over all disputes between the parties arising out of or relating to this Agreement and the other transaction documents….   SPA, Para. 9.5 (attached Ex. A hereto).

There are, however, three additional agreements that are the basis of Plaintiffs' claims in this case, which are expressly incorporated by reference into the SPA: the Installment Promissory Note ("Note"), the Guaranty given by Hoshang ("Guaranty"), and the "Confidential Information and Non-Competition Agreements ("Non-Competes") signed by both Defendants. These are some of the "other transaction documents" mentioned in Para. 9.5.

---

sufficiency of a complaint for failure to state a claim upon which relief may be granted." Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001).  On a 12(b)(6) motion, "'courts [also] must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" Sanner v. Bd. of Trade, 62 F.3d 918, 925 (7th Cir. 1995) (*quoting* Warth v. Seldin, 422 U.S. 490, 501 (1975)).  The longstanding and oft-cited standard under Rule 12(b)(6) has been that dismissal for failure to state a claim is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  As the Supreme Court has recently stated in Bell Atlantic Corp. v. Twombly, 550 U.S. _, 127 S. Ct. 1955 (2007), the standard under Rule 12(b)(6) is that the complaint must contain enough facts to "state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1965, 1973 n. 14.  The Twombly standard does not change federal court pleading from notice pleading to fact pleading. Erickson v. Pardus, 550 U.S. _, 127 S. Ct. 2197 (2007)(noting that its decision in Twombly did not signal a switch to "fact" pleading in the federal courts).  This District Court has noted that "taking Erickson and Twombly together, we understand the Court to be saying only at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim that the defendant is entitled to under Rule 8." Airborne Beepers and Video, Inc. v. AT&T Mobility, LLC, no. 06-2949, 2007 WL 2406859 (N.D. Ill. Aug. 24, 2007).  Counts V and VI of Plaintiffs' Complaint in this case certainly pass these standards, and thus should not be dismissed under either section of Rule 12.

The Note contains a "Venue" term: "…an action or proceeding arising in connection with this transaction should be tried and determined only in the state and federal courts located in County of Cook, State of Illinois…." Note, Para. 8.8 (attached Ex. B hereto). The Guaranty has a "Consent to Jurisdiction" provision: "…all actions or proceedings in any way arising out of or related to this Guaranty will be litigated in courts having situs in Lake County, Illinois." Guaranty, Para. 16 (attached Ex. C hereto). Finally, the two Non-Competes each contain the same choice of forum provision: "…[a]ll parties agree and consent that all disputes, claims and controversies hereunder and interpretation hereof shall be brought in the exclusive forum of the federal or state courts of Illinois." Non-Compete, Para. 8 (attached Ex. D, D1 hereto). Depicted more graphically, the four "deal" documents provide for four different "choices" of forum:

| Document | Forum |
| --- | --- |
| Stock Purchase Agt. | "courts within the State of Illinois (located within Lake County)" |
| Note | "only in the state and federal courts located in County of Cook, State of Illinois" |
| Guaranty | "courts having situs in Lake County, Illinois" |
| Non-Competes | "federal and state courts of Illinois." |

The SPA itself had its own "Rules of Construction" provision, and specifically stated that: "…All Exhibits and Schedules attached to this Agreement shall be deemed incorporated herein by reference as if fully set forth herein." *See* SPA, Para. 1.2. Thus, all of these four very different provisions are part of one and the same contract between Defendants and Plaintiffs here (*see infra* Part III). As shown below, Defendants' choice of forum motion for the breach of contract claims is not well-taken.

## II.     The Choice of Forum Provision in the Stock Purchase Agreement Includes this Federal District Court as a Proper Forum.

The first possible, and most straightforward, course for the Court here is to apply the SPA's choice of forum provision without regard to the other provisions in the incorporated

3

instruments, and if this Court does so, it is clear that this federal district court is included as a proper forum under Para. 9.5.

Parties to a contract frequently agree to submit to the jurisdiction of a given court concerning a later dispute that may arise between them. ETA Trust v. Recht, 214 Ill. App. 3d 827, 834, 574 N.E.2d 4, 9 (1st Dist. 1991)(*citing* National Equipment Rental Ltd. v. Szukhent, 375 U.S. 311, 316 (1964)). A choice of forum or "forum selection" clause is *prima facie* valid. Dace International, Inc. v. Apple Computer, Inc., 275 Ill. App. 3d 234, 238, 655 N.E.2d 974 (1st Dist. 1995). A choice of forum clause made during arms length negotiations between business persons should be enforced absent some "compelling and countervailing reason" not to do so. Yamaha Corp. v. Yasuda Fire and Marine Ins. Co., Ltd., 305 Ill. App. 3d 362, 367, 712 N.E.2d 926, 931 (2d Dist. 1999).

The SPA's choice of forum is "courts within the State of Illinois (located within Lake County)." Note must be taken that the clause reads "courts," and not "state courts," which the parties could clearly have included, if they had intended for the Circuit Court of Lake County to be the only forum for any contract dispute between them. It is a basic rule of contract construction that any words left out were intentionally left out, and any words that could have easily have been included but were not, were intentionally excluded. A strong presumption exists against terms which could have easily been included in the agreement, but were not. Prime Group, Inc. v. Northern Trust Co., 215 Ill. App. 3d 1065, 1069, 576 N.E.2d 841, 844 (1st Dist. 1991); Ebrahim v. Checker Taxi Co., 128 Ill. App. 3d 906, 908, 471 N.E.2d 632, 634 (1st Dist. 1984). Defendants here want the Court to "read in" a limitation that the Circuit Court of Lake County was the only forum the parties could use. If that is what the parties wanted, they could have easily inserted into Para. 9.5 the word "state" or "circuit" or "county" before the

phrase "courts within the State of Illinois (located within Lake County)."  The parties did not, and this Court should not re-write the provision to insert such a limiting descriptor.

A plain and reasonable reading of Para. 9.5 certainly includes this federal district court.  This Court is clearly a court "within the state of Illinois."   This Court is geographically situated within Illinois.  Further, this federal district is "located in Lake County" as this federal district includes Lake County, Illinois in its geographic boundary.  *See* 28 U.S.C. § 93(a) (2008)(organization of the U.S. district courts in Illinois include "…the Northern District comprises two divisions. (1) The Eastern Division comprises the counties of Cook, Du Page, Grundy, Kane, Kendall, Lake, La Salle, and Will").  Accordingly, Para. 9.5 includes this federal district court as a proper forum under its express terms.

Even if this Court looks no further than Para. 9.5 itself, it is fairly read as including this federal district court as a proper forum for this dispute between the parties.

**III.    If the Choice of Forum Provision in the Stock Purchase Agreement Is Ambiguous, Rules of Contract Interpretation Applied to All the Choice of Forum Clauses Agreed to by the Parties Dictate This Federal District Court as a Proper Forum.**

It is the presence of the other conflicting forum provisions in the other transaction documents that may require this Court to consider this question at a deeper level of analysis.  To the extent the SPA forum clause is not straightforward or clear, applying rules of contract interpretation this Court can also determine that this federal court is a proper forum.  *See* Whirlpool Corp. v. Certain Underwriters at Lloyd's of London, 278 Ill. App. 3d 175, 180, 662 N.E.2d 467, 471 (1st Dist. 1996)("if parties to a contract agree to try their case in a specific forum they could be giving up important rights.  At the same time, a forum selection clause seeks to bind a state to try a case it otherwise might not want.  Good policy dictates that a true forum selection clause should be clear and specific…" and the court concluded "[t]his clause is not").

5

The totality of the facts show that the stock purchase of Defendants' company was affected by means of numerous different transaction documents, all of which were part of this deal. The SPA *specifically incorporates* by reference the Note, the Guaranty, and the Non-Competes, all of which, as was set forth above, have *different* choice of forum provisions than the SPA itself. See SPA, Para. 1.2.

First, it is clear that the SPA expressly and specifically incorporates by reference these other documents/instruments, and because it does so, each of these additional choice of forum provisions thereby are conflicting terms within one and the same contract between Plaintiffs and Defendants, which requires this Court to reconcile the conflicting terms. The contract must show a clear intention to incorporate the other instruments, which it does here. Clarendon American Ins. Co. v. 69 West Washington Management LLC, 374 Ill. App. 3d 580, 586, 860 N.E.2d 978, 985 (1st Dist. 2007). "In order for a contract to incorporate all or part of another document by reference, the reference must show an intention to incorporate the document and make it part of the contract." Board of Managers of Chestnut Hills Condominium Association v. Pasquinelli, Inc., 354 Ill. App. 3d 749, 755, 822 N.E.2d 12 (1st Dist. 2004). The SPA expressly states that all the appended exhibits are incorporated by reference as if sent forth fully herein, so the Note, the Guaranty and the Non-Competes are all part of this one contract between the parties. If a contract specifically incorporates other documents by reference, then they are to be construed as a whole. Provident Fed. Sav. & Loan Ass'n v. Realty Centre, Ltd., 97 Ill. 2d 187, 193, 454 N.E.2d 249 (1983). Stated differently, when a contract incorporates another document by reference, the terms of that document become part of the contract. Wilson v. Wilson, 217 Ill. App. 3d 844, 853, 577 N.E.2d 1323, 1329 (1st Dist. 1991); Bransky v. Schmidt Motor Sales, Inc., 222 Ill. App. 3d 1056, 1061, 584 N.E.2d 892, 895 (2d Dist. 1991). "…[T]wo instruments …executed by the same contracting parties in the course of the same transaction …must be

6

considered together and construed with reference to one another *because they are one contract*." Bank of Chicago v. Park National Bank, 266 Ill. App. 3d 890, 898-99, 640 N.E.2d 1288 (1st Dist. 1994)(emphasis added).

Here, this Court must read the SPA, the Note, the Guaranty and the Non-Competes as one and the same contract, because the latter three instruments were expressly incorporated by reference into the SPA. They are in fact one contract for purposes of contract interpretation, and thus the contract between the parties here has four competing choice of forum provisions: "courts within the State of Illinois (located within Lake County)" (from the SPA), "only in the state and federal courts located in County of Cook, State of Illinois" (the Note), "courts having situs in Lake County, Illinois" (the Guaranty), and "federal and state courts of Illinois" (Non-Competes). The Court must reconcile these conflicting terms.

A.  **Conflicting Contract Terms Should be Interpreted in a Manner That Gives Effect to Them All, and the Only Forum that Satisfies <u>All The Conflicting Clauses is This Federal District Court.</u>**

Given these conflicting terms in the one contract, rules of contract interpretation given by Illinois law apply to find that this Court is a, or actually the proper forum for the contract claims between Plaintiffs and Defendants.

Contracts are to be interpreted as a whole, giving meaning and effect to each provision of the contract. Srivastava v. Russell's Bar-B-Q, Inc., 168 Ill. App. 3d 726, 730, 523 N.E.2d 30, 33 (1st Dist. 1988). It is presumed that all provisions were inserted for a purpose, and conflicting provisions will be reconciled if possible so as to give effect to all of the contract's provisions. Mayfair Construction Co. v. Waveland Associates Phase I Ltd. Partnership, 249 Ill. App. 3d 188, 619 N.E.2d 144 (1st Dist. 1993); Bruno Benedetti & Sons, Inc. v. O'Malley, 124 Ill. App. 3d 500, 506, 464 N.E.2d 292, 297 (2d Dist. 1984).

If this Court is to give effect to each of the different choice of forum provisions, the *only* forum that satisfies *all* of the provisions is this federal district court, and not the Illinois state court in Lake County, as Defendants advance.  As stated above, this federal court satisfies the SPA's provision, because this federal court is a court within the state of Illinois (located in Lake County), as this Court's geographic scope includes Lake County.  This federal district court also satisfies the Note's provision, as it is a "federal court[] located in Cook County."  Of import is that the Circuit Court of Lake County can *never* satisfy the Note's provision, which is sufficient reason alone to reject Defendants' argument that Lake County as the chosen forum.  Further, the Guaranty is satisfied because this federal district court has "situs" in Lake County, again because it includes that county in its geographic coverage.  Finally, the Non-Competes' reference to "federal courts in Illinois," clearly includes this federal court.

The only interpretation of the conflicting provisions that satisfies them all is this federal district court, which gives effect to each of the provisions, even though they are conflicting. This is the only way to reconcile them all in a manner that lets each of them stand without tampering with the language the parties chose to use.  This court is the only forum that satisfies all the competing clauses.

**B.    The Most Specific Term on Choice of Forum is The One Found In
The Note, Which Expressly Includes this Federal Court as A Proper Forum.**

Another rule of contract interpretation may be applied by this Court to find that this federal district court is a proper forum, and that is the rule to reject more general contract terms in favor of more specific terms.  The court should give effect to the more specific clause, and should qualify or reject a more general conflicting clause. American Fed. Of State Cty. and Municipal Employees v. State Labor Relations Bd., 274 Ill. App. 3d 327, 337, 653 N.E.2d 1357, 1364 (1st Dist. 1995); McDonald's Corp. v. Butler Corp., 158 Ill. App. 3d 902, 909, 511 N.E.2d 912 (2d Dist. 1987).

8

Here, as all of the choice of forum provisions are in conflict, the one that is the most specific is that found in the Note, calling for venue in "the state and federal courts located in the county of Cook, State of Illinois," which of course makes this Court a proper forum. This is the most specific provision because it makes clear the level of court (state and federal), unlike the SPA or the Guaranty, which just refers to "courts" with no greater explanation. Also, the Note's reference to "in the county of Cook" is very clear, versus the nebulous "having situs in" language found in the Guaranty. The Non-Competes do not have any county designation, so they are even less, not more, specific than the Note.

Accordingly, under this rule of contract interpretation, the Note's choice of forum provision is the most specific, so the others should fall as being more general, and under the Note's provision, this Court is clearly a proper forum.

**C.    To Construe the Contract in Any Way Other Than to Permit Suit in This Federal Court Would Demand the Absurd Practice of Bringing Different Aspects of The Dispute Arising from One Transaction in Different Courts.**

Contracts are to be construed reasonably so as to avoid absurd results. Foxfield Realty, Inc. v. Kubala, 287 Ill. App. 3d 519, 525, 678 N.E.2d 1060, 1065 (2d Dist. 1997); Health Professionals, Ltd. v. Johnson, 339 Ill. App. 3d 1021, 1036, 791 N.E.2d 1179, 1193 (3d Dist. 2003). "Where a contract is susceptible to one of two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not be likely to enter into, interpretation which makes rational and probable agreement must be preferred." Nutrasweet Co. v. American National Bank & Trust Co., 262 Ill. App. 3d 688, 695, 635 N.E.2d 440, 445 (1st Dist. 1994).

Here, no reasonable business persons would enter into a stock purchase agreement transaction knowing they would have to bring contract claims arising from the same transaction in at least three different courts: Lake County Circuit Court (as Defendants see it), Cook County

9

Circuit Court, and the federal court in Illinois. To interpret the clauses as each standing on their own, the parties would have to litigate the Note in Cook County, but the Guaranty and Stock Purchase Agreement in Lake County (if Defendants had their interpretation). This is an absurd result that this Court must avoid. In sum, this federal district court is the *only* court forum that satisfies all the conflicting forum provisions.

**IV.     Defendants Have Not Established Why This Court Is Not A Proper Forum.**

Defendants are objecting to this forum, which is clearly contemplated by the SPA and other transaction documents. A party objecting to a forum clause's enforcement is required to show that the litigation in the selected forum would be so burdensome that he would have no real opportunity to litigate the issues in a fair manner, and that the clause's enforcement deprives the party of access to the courts. Aon Corp. v. Utley, 371 Ill. App. 3d 562, 569, 863 N.E. 2d 701, 707 (1st Dist. 2006). The reasonableness of forum clauses is judged by considering 1) the law that governs the formation and construction of the contract, 2) the residency of the parties, 3) the place of execution and/or performance of the contract, 4) the location of the parties and their witnesses, 5) the inconvenience to the parties of a particular locale, and 6) whether the clause was bargained for. Clinton v. Janger, 583 F. Supp. 284, 289 (N.D. Ill. 1984); Aon Corp., *supra*, 863 N.E.2d 707 (*citing* Calanca v. D& S Mfg. Co., 157 Ill. App. 3d 85, 88, 510 N.E.2d 21, 24 (1st Dist. 1987)).

Based on these factors, Defendants have not established what is burdensome about proceeding in this federal court. Not only does their motion not address these factors, but the factors on balance weigh in favor of this forum. Illinois law governs this contract, and this federal court sitting in Illinois often does and skillfully can apply Illinois law. The Plaintiffs are residents of Illinois, in Lake County. They do not consider it inconvenient to be in federal court in Chicago. The Defendants live in Wisconsin, so whether this case is litigated in Lake County

10

or downtown in Cook County at this Court's courthouse should not matter. The business is in Lake County, and some of the witnesses will be in Lake County, but they are certainly within the subpoena power and 100 miles radius of this courthouse. These clauses were bargained for, so Defendants cannot complain now. This was a sophisticated business transaction that clearly contemplated this Court as a possible forum choice.

A party to a contract may not argue inconvenience as a reason that a choice of forum provision should not be enforced, if both parties freely entered into the agreement contemplating that they would endure such inconvenience should a dispute arise between them. <u>Friedman v. World Transportation, Inc.</u>, 636 F. Supp. 685, 690 (N.D. Ill. 1986); <u>Yamaha Corp. v. Yasuda Fire and Marine Ins. Co.</u>, Ltd., 305 Ill. App. 3d 362, 367, 712 N.E.2d 926, 931 (2d Dist. 1999).

**V.    Plaintiffs' Federal Securities Claims Make This Federal Court the
       Only Forum that Avoids Multiplicity of Suits Between These Parties.**

Plaintiffs have brought a claim for *federal* securities fraud in their Complaint (*see infra*). Federal court is the only forum for this federal statutory claim. Plaintiffs will be proceeding with this claim, even if this Court were to determine that on the state contract claims, that this Court is not a proper forum. If the parties are sent to litigate their contract claims in state court, in Lake County, there will then be two lawsuits between the parties: the state court/Lake County contract claims, and this federal securities fraud (and pendent state law common law fraud claim). This interpretation also creates that "absurd" result referred to above, that reasonable business persons would not want to have to prosecute or defend numerous lawsuits in different forums, all arising from the facts of one and the same transaction. This Court should rule on this choice of forum issue so as to allow all the disputes to be resolved between the parties in one forum, and the only forum that allows that is in this Court.

**VI.     Plaintiffs' Fraud Claims Are Sufficiently Pleaded Under Rule 9.**

Defendants' motion also attempts to attack Plaintiffs' fraud allegations in Counts V and VI of the Complaint, arguing that they do not contain the factual specificity required for the heightened pleading needed for fraud under Fed. R. Civ. P. 9.  A review of the Complaint shows this is not the case.

Defendants argue that Plaintiffs have not sufficiently alleged the elements of fraud in Count VI, specifically that of Defendants' knowledge of the falsity of their statements, or that their statements were attempts to induce Plaintiffs.  *See* Motion at 5.  This is incorrect.

A claim for fraud is alleged based on  (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement.  <u>Tricontinental Industries v. PricewaterhouseCoopers, LLP</u>, 475 F.3d 824, 841 (7th Cir. 2007)(*citing* <u>Connick v. Suzuki Motor Co., Ltd.</u>, 174 Ill.2d 482, 675 N.E.2d 584, 591 (1996)).

Here, Plaintiffs' Complaint alleges that Defendants kept two sets of books for Accounts Receivable in order to overstate these items, manipulated inventory to inflate profit margins, listed past due accounts as receivables, and shipped material after closing to claim credit for these sales (Complaint ¶¶  16-21).  Defendants inflated inventory by including obsolete goods (Complaint ¶¶ 24-25). Defendants inflated sales figures to induce Spenta to purchase the business (Complaint ¶ 26).  Each of these acts were fraudulent and deliberate.

The Complaint further alleges that:

122.     Robert and Chizuco, in connection with sale of the stock of the Company to Plaintiffs*, made untrue statements of material fact* to Plaintiffs in connection with the sale of the stock of the Company, specifically including but not limited to:
  a) Gave Spenta financial statements in which *Accounts Receivable were overstated;*
  b) Gave Spenta financial statements in which *Accounts Payable were understated*;

    c)  failed to reveal that *payments had been received in excess of work performed* on certain jobs;
    d)  Liabilities for insurance, taxes, and employee benefits *were understated*;
    e)  Sales and cash flow margin were *materially overstated*;
    f)  Other liabilities *were missing* from the statements;
    g) Claims and *lawsuits were not disclosed*; and
    h)  *Profit margins were inflated by the manipulation of inventory and cost of goods figures.*  (emphasis added).

These allegations clearly specify Defendants' knowing misrepresentations that are the basis of the fraud claim.  Further, Plaintiffs plead other specific acts of the fraud as follows:

    123.   Robert and Chizuco made omissions of material fact to Plaintiffs in connection with the sale of the stock of the Company, specifically including but not limited to:
    a. Robert and Chizuco *willfully* prepared the September Sales Tax Report Filing and wrote a check for the same but failed to mail the same, causing penalties and interest to accumulate until discovered by Spenta and paid by Spenta;
    b. Robert and Chizuco arranged for a final Inventory that *inflated inventory and included obsolete and unsellable items which were priced at an inflated amount;*
    c.  Robert and Chizuco *willfully* kept an addition to the Profit Sharing Plan, the 401(k) element, from the employees thereby creating a Plan that may be non-compliant and in violation of ERISA and the employees' rights, and  Chizuco then passed this obligation onto Spenta in violation of her indemnity and warranties in the contract;
    d.  Robert and Chizuco *falsely stated* in the Agreement  that $25k Life insurance is a covered employee benefit, but the insurance carrier had cancelled the Life policy for non-payment in 2005;
    e.  Robert and Chizuco *willfully* gave additional health benefits to key employees without the carrier knowledge and without permission of a different class thereby being discriminatory to the other employees not given these benefits;
    f.  Robert and Chizuco *willfully underreported* the total number employed to the health insurance carrier, and gave those employees that did not want the insurance a Company check for the insurance premium.  However, these employees never waived out of the plan, but were just not reported;
    g.  Robert and Chizuco *shipped materials after closing and claimed the price as an Account Receivable;*
    h. Robert and Chizuco *knowingly over-billed jobs* beyond work actually done; and
    i. Robert and Chizuco *concealed the Company's liabilities* to employees, the IRS, the Illinois Department of Revenue, its insurance carriers and others. (emphasis added).

    It is clear that Plaintiffs have alleged sufficient specific facts, of the who, what, when and where of the misrepresentations made.  The false misrepresentations were knowly and deliberately made by Defendants in the financial documents they gave Plaintiffs.  In fact, a reading of the Complaint demonstrates that Plaintiffs have alleged that specific, key financial

records and documents were falsified by Defendants for the purpose of inflating the value of the stock. These allegations are specific, and apprise Defendants of the factual basis of the fraud claim. Moreover, the Complaint also alleges that these misrepresentations were material to Plaintiffs in their purchase of the business and Plaintiffs reasonably relied on these misrepresentations (Complaint ¶¶ 124-126). Finally, the Complaint also pleads that these misrepresentations caused Plaintiffs to be damaged (Complaint ¶ 127(a)-(k)).

A review of the Complaint establishes that Plaintiffs have sufficiently alleged the elements of common law fraud, and have alleged the specific facts sufficient for fraud under the federal pleading standards of Rule 9. However, if this Court were to determine that further allegations are needed, Plaintiffs respectfully ask for leave to file an amended Count VI to the complaint.

### VII. Plaintiffs' Federal Securities Claims Are Sufficiently Pleaded Under Section 10(b)(5) and All Necessary Elements Are Alleged.

Defendants also argue that Count V for federal securities fraud is not specific enough for fraud under Rule 9, and that it lacks some of the essential elements of securities fraud.

The securities fraud plaintiff must allege: (1) a material misrepresentation (or omission); (2) scienter, *i.e.*, a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) "loss causation," *i.e.*, a causal connection between the material misrepresentation and the loss. Ray v. Citigroup Global Markets, 484 F.3d 991 (7th Cir. 2007). These elements are in Count V of the Complaint, and are pleaded with sufficient factual specificity.

Plaintiffs specifically plead the false statements and information transmitted from Defendants to Plaintiffs in Paragraphs 108(a)-(c), 109(a)-(g), and 110(a)-(g). These are basically the same misrepresentations also pleaded in Count VI, and discussed *supra* at pages 12-14. In Paragraphs 112 to 114 the Complaint pleads that Plaintiffs' misrepresentations and omissions

14

were "material to the Plaintiffs in their purchase of the stock … Plaintiffs relied on the misrepresentations made by Chizuco and Robert in connection with the purchase of the stock …[and] Plaintiffs' reliance was reasonable."  Paragraph 111 states that Defendants "engaged in acts, practices and courses of business that defrauded and deceived Plaintiffs in connection with the sale of the stock…" and subparagraphs (a)-(j) specifically set out the damages caused by the fraud in connection with the sale of the stock.  Accordingly, Defendants' argument that Plaintiffs' failed to plead "transaction causation" and "loss causation" is simply wrong.

Paragraphs 109 and 110 provide the specific factual basis of the plaintiffs' claim that the deliberate acts of Defendants made the financial information that Defendants gave Plaintiffs false and misleading.

Plaintiffs' securities fraud claim is sufficiently and specifically alleged.  Again, if this Court were to determine that further or more factually based allegations are needed, Plaintiffs respectfully ask for leave to file an amended Count V.

## **CONCLUSION**

In summary, this federal court is the proper forum for this action, and Plaintiffs respectfully ask that Defendants' motion be denied as to that issue.  Further, Counts V and VI, the only counts subject to Defendants' Rule 12(b)(6) motion, are well-pleaded, and Plaintiffs respectfully ask that this Court deny the Motion as to Dismiss Counts V and VI as well.

Dated: June 4, 2008                                             Respectfully submitted,

Plaintiffs Spenta Enterprises, Ltd. and
Hoshang R. Karani
 _S/Ralph C. Hardesty_____
Their Attorney

Ralph C. Hardesty
Hardesty & Associates
55 W. Monroe; Suite 3720
Chicago, IL 60603
312-346-0045
Attorney No. 6184066

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he served copies of the foregoing Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss via electronic filing and by United States Mail, proper postage prepaid, on counsel for Defendants on June 4, 2008, before the hour of 5:00 P.M. as follows:

David A. Kaufman, Esq.
555 Skokie Blvd.
Suite 500
Northbrook, IL. 60062

                                                  S/ Ralph C. Hardesty