EXHIBIT A

fully set forth herein. Except as expressly set forth on the attached Schedules, the definitions contained in the Agreement are incorporated therein by reference.

9.5    Governing Law; Submission to Jurisdiction. THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF ILLINOIS. COURTS WITHIN THE STATE OF ILLINOIS (LOCATED WITHIN LAKE COUNTY) WILL HAVE EXCLUSIVE JURISDICTION OVER ALL DISPUTES BETWEEN THE PARTIES ARISING OUT OF OR RELATING TO THIS AGREEMENT AND THE OTHER TRANSACTION DOCUMENTS. THE PARTIES HEREBY CONSENT TO AND AGREE TO SUBMIT TO THE JURISDICTION OF SUCH COURTS. EACH OF THE PARTIES WAIVES, AND AGREES NOT TO ASSERT IN ANY SUCH DISPUTE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY CLAIM THAT (A) SUCH PARTY IS NOT PERSONALLY SUBJECT TO THE JURISDICTION OF SUCH COURTS; (B) SUCH PARTY AND SUCH PARTY'S PROPERTY IS IMMUNE FROM ANY LEGAL PROCESS ISSUED BY SUCH COURTS; OR (C) ANY LITIGATION COMMENCED IN SUCH COURTS IS BROUGHT IN AN INCONVENIENT FORUM.

9.6    Waiver of Jury Trial. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY PROCEEDING (WHETHER BASED IN CONTRACT, TORT OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY TRANSACTION OR AGREEMENT CONTEMPLATED HEREBY OR THE ACTIONS OF ANY PARTY HERETO IN THE NEGOTIATION, ADMINISTRATION, PERFORMANCE OR ENFORCEMENT HEREOF.

9.7    Interpretation. The Parties have participated jointly in the negotiation and drafting of this Agreement. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any provisions of this Agreement.

9.8    Counterparts. This Agreement may be executed and delivered (including by facsimile transmission) in one or more counterparts, and by the different Parties in separate counterparts, each of which when executed and delivered shall be deemed to be an original but all of which taken together shall constitute one and the same agreement.

9.9    Entire Agreement. This Agreement (including the Schedules and Exhibits attached hereto) and the other Transaction Documents executed in connection with the consummation of the Acquisition contain the entire agreement between the Parties with respect to the subject matter hereof and supersede all prior agreements, written or oral, with respect thereto, other than the Confidentiality Agreement.

9.10    Waivers and Amendments. This Agreement may be amended, superseded, canceled, renewed or extended only by a written instrument signed by the Parties hereto. The provisions hereof may be waived only in writing signed by the Party waiving compliance. No delay on the part of any Party in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any waiver on the part of any Party of any such right, power or

646533-4

35



PLAINTIFF'S
EXHIBIT
A

EXHIBIT B

If to Payee:        Chicuzo Coleman
N9110 11th Drive
Westfield, Wisconsin 53964

With a Copy to:      Donald J. Russ, Jr.
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606

or to such other address(es) or addressee(s) as any party entitled to receive notice hereunder shall designate to the others in the manner provided herein for the service of notices. Failure to serve a copy of notice shall not invalidate any notice otherwise properly given.

**8.7**    **Waiver of Trial by Jury.**   BORROWER AND PAYEE KNOWINGLY, IRREVOCABLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, PROCEEDING OR COUNTERCLAIM BASED ON THIS NOTE, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENT (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BORROWER AND PAYEE ENTERING INTO THE TRANSACTION EVIDENCED BY THIS NOTE.

**8.8**    **Venue.**  TO THE MAXIMUM EXTENT PERMITTED BY LAW, BORROWER HEREBY AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS TRANSACTION SHALL BE TRIED AND DETERMINED ONLY IN THE STATE AND FEDERAL COURTS LOCATED IN THE COUNTY OF COOK, STATE OF ILLINOIS. TO THE MAXIMUM EXTENT PERMITTED BY LAW, BORROWER HEREBY EXPRESSLY WAIVES ANY RIGHT IT MAY HAVE TO ASSERT THE DOCTRINE OF FORUM NON CONVENIENS OR TO OBJECT TO VENUE TO THE EXTENT ANY PROCEEDING IS BROUGHT IN ACCORDANCE WITH THIS SECTION.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]



PLAINTIFF'S EXHIBIT
B

EXHIBIT C

16.    CONSENT TO JURISDICTION.   TO INDUCE LENDER TO ACCEPT THIS GUARANTY, GUARANTOR IRREVOCABLY AGREES THAT, SUBJECT TO LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS GUARANTY WILL BE LITIGATED IN COURTS HAVING SITUS IN LAKE COUNTY, ILLINOIS. GUARANTOR HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY COURT LOCATED WITHIN LAKE COUNTY, ILLINOIS, WAIVES PERSONAL SERVICE OF PROCESS AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED MAIL DIRECTED TO GUARANTOR AT THE ADDRESS STATED HEREIN AND SERVICE SO MADE WILL BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT.

17.    WAIVER OF JURY TRIAL.   GUARANTOR AND LENDER (BY ACCEPTANCE HEREOF), HAVING BEEN REPRESENTED BY COUNSEL, EACH KNOWINGLY AND VOLUNTARILY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS GUARANTY OR UNDER ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION HEREWITH AND AGREES THAT ANY SUCH ACTION OR PROCEEDING WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.   GUARANTOR AGREES THAT IT WILL NOT ASSERT ANY CLAIM AGAINST LENDER ON ANY THEORY OF LIABILITY FOR SPECIAL, INDIRECT, CONSEQUENTIAL, INCIDENTAL OR PUNITIVE DAMAGES.

[The balance of this page intentionally left blank.]

651553.2 10813 31763

6



PLAINTIFF'S
EXHIBIT

C

EXHIBIT D

Section 2 or Section 3 specifically enforced to the extent permitted by law by any court having jurisdiction, and Buyer shall be entitled to immediate injunctive relieve (without any bond or other security being required), it being acknowledged and agreed that any such breach or threatened breach will cause immediate irreparable injury to Buyer and that money damages will not provide an adequate remedy at law for any such breach or threatened breach. Such right and remedy shall be in addition to, and not in lieu of, any other rights and remedies available to Buyer at law or in equity. Coleman acknowledges that the temporal and geographic scope of the covenants set forth in this Agreement are reasonable in light of the potential harm any breach thereof could cause Buyer.

(b)     If any of the provisions of or covenants contained in Sections 2 and 3 are hereafter construed to be invalid or unenforceable in any jurisdiction, the same shall not effect the remainder of the provisions or the enforceability thereof in any other jurisdiction, which shall be given full effect, without regard to the invalid portions or to the unenforceability of such provisions in such other jurisdiction. If any of the provisions of or covenants contained in Sections 2 and 3 hereof are held to be unenforceable in any jurisdiction because of the duration or scope thereof, the parties agree that the court making such determination shall have the power to reduce the duration and/or scope of such provision or covenant and, in its reduced form, said provision or covenant shall be enforceable; provided, however, that the determination of such court shall not affect the enforceability or scope of the covenants contained in Sections 2 or 3 in any other jurisdiction.

(c)     In the event of any violation, breach or necessity to enforce the provisions of Sections 2 and/or 3 hereof, the prevailing party shall be entitled to prompt reimbursement from the non-prevailing party of all of its court costs, expert witness fees and costs, accountants fees and costs, and reasonable attorneys' fees and costs.

5.    **No Additional Payment Required**.  Coleman acknowledges and agrees that the payment of the Purchase Price and the assumption of certain of Seller's liabilities pursuant to the terms of the Purchase Agreement, constitute sufficient and adequate consideration and that no additional or independent consideration is necessary for the execution, delivery and performance of this Agreement.

6.    **Amendment**.  This Agreement cannot be changed, modified or discharged orally, but only by an Agreement in writing signed by all parties hereto.

7.    **Waiver**.  Failure to insist upon strict compliance with any of the terms, covenants or conditions hereof shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power hereunder at any one or more times be deemed a waiver or relinquishment of such right or power.

8.    **Governing Law and Forum**.  This Agreement is executed in the State of Illinois and shall be construed and enforced in accordance with the laws of that state.  All parties agree and consent that all disputes, claims and controversies hereunder and interpretation hereof shall be brought in the exclusive forum of the federal or state courts of Illinois.

673772-1                                        3



PLAINTIFF'S EXHIBIT

D

9. **Entire Agreement; Amendments**. This Agreement contains the entire understanding of the parties hereto with regard to the subject matter contained herein, and supersedes all prior agreements, understandings or intents between or among any of the parties.

10. **Headings**. The headings of the sections of this Agreement are inserted for convenience only and shall not be deemed to constitute part of this Agreement or to affect the construction thereof.

11. **Notices**. All notices permitted or required under this Agreement shall be delivered in accordance with the notice provisions contained in the Purchase Agreement.

12. **Affiliates, Successors and Assigns**. The obligations and restrictive covenants of Coleman hereunder may be assigned to any successor or assign of Buyer. This Agreement shall be binding upon and inure to the benefit of Buyer and Buyer's Affiliates, successors and assigns.

13. **No Strict Construction**. The language used in this Agreement shall be deemed to be the language chosen by the parties to express their mutual intent, and no rule of strict constructions shall be applied against any person.

14. **Acknowledgment**. Coleman affirms that she has read this Agreement in its entirety, understands the nature of her obligations hereunder, has received the advice of independent counsel with respect to the terms and conditions hereof, and agrees to abide by all the terms and provisions herein set forth.

**IN WITNESS WHEREOF**, this Confidential Information and Non Competition Agreement has been executed and accepted as of the date first stated above.

Chizuco Coleman

BUYER:

SPENTA ENTERPRISES LTD.

By: _____

Its President / CEO

EXHIBIT D1

Section 2 or Section 3 specifically enforced to the extent permitted by law by any court having jurisdiction, and Buyer shall be entitled to immediate injunctive relieve (without any bond or other security being required), it being acknowledged and agreed that any such breach or threatened breach will cause immediate irreparable injury to Buyer and that money damages will not provide an adequate remedy at law for any such breach or threatened breach. Such right and remedy shall be in addition to, and not in lieu of, any other rights and remedies available to Buyer at law or in equity. Coleman acknowledges that the temporal and geographic scope of the covenants set forth in this Agreement are reasonable in light of the potential harm any breach thereof could cause Buyer.

(b)     If any of the provisions of or covenants contained in Sections 2 and 3 are hereafter construed to be invalid or unenforceable in any jurisdiction, the same shall not effect the remainder of the provisions or the enforceability thereof in any other jurisdiction, which shall be given full effect, without regard to the invalid portions or to the unenforceability of such provisions in such other jurisdiction. If any of the provisions of or covenants contained in Sections 2 and 3 hereof are held to be unenforceable in any jurisdiction because of the duration or scope thereof, the parties agree that the court making such determination shall have the power to reduce the duration and/or scope of such provision or covenant and, in its reduced form, said provision or covenant shall be enforceable; provided, however, that the determination of such court shall not affect the enforceability or scope of the covenants contained in Sections 2 or 3 in any other jurisdiction.

(c)     In the event of any violation, breach or necessity to enforce the provisions of Sections 2 and/or 3 hereof, the prevailing party shall be entitled to prompt reimbursement from the non-prevailing party of all of its court costs, expert witness fees and costs, accountants fees and costs, and reasonable attorneys' fees and costs.

5.     **No Additional Payment Required**.  Coleman acknowledges and agrees that the payment of the Purchase Price and the assumption of certain of Seller's liabilities pursuant to the terms of the Purchase Agreement, constitute sufficient and adequate consideration and that no additional or independent consideration is necessary for the execution, delivery and performance of this Agreement.

6.     **Amendment**.  This Agreement cannot be changed, modified or discharged orally, but only by an Agreement in writing signed by all parties hereto.

7.     **Waiver**.  Failure to insist upon strict compliance with any of the terms, covenants or conditions hereof shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power hereunder at any one or more times be deemed a waiver or relinquishment of such right or power.

8.     **Governing Law and Forum**.  This Agreement is executed in the State of Illinois and shall be construed and enforced in accordance with the laws of that state.  All parties agree and consent that all disputes, claims and controversies hereunder and interpretation hereof shall be brought in the exclusive forum of the federal or state courts of Illinois.

673332-3                                    3



PLAINTIFF'S
EXHIBIT
_D-1_

9.    **Entire Agreement; Amendments**.    This Agreement contains the entire understanding of the parties hereto with regard to the subject matter contained herein, and supersedes all prior agreements, understandings or intents between or among any of the parties.

10.    **Headings**.    The headings of the sections of this Agreement are inserted for convenience only and shall not be deemed to constitute part of this Agreement or to affect the construction thereof.

11.    **Notices**.    All notices permitted or required under this Agreement shall be delivered in accordance with the notice provisions contained in the Purchase Agreement.

12.    **Affiliates, Successors and Assigns**.    The obligations and restrictive covenants of Coleman hereunder may be assigned to any successor or assign of Buyer. This Agreement shall be binding upon and inure to the benefit of Buyer and Buyer's Affiliates, successors and assigns.

13.    **No Strict Construction**.    The language used in this Agreement shall be deemed to be the language chosen by the parties to express their mutual intent, and no rule of strict constructions shall be applied against any person.

14.    **Acknowledgment**.    Coleman affirms that he has read this Agreement in its entirety, understands the nature of his obligations hereunder, has received the advice of independent counsel with respect to the terms and conditions hereof, and agrees to abide by all the terms and provisions herein set forth.

**IN WITNESS WHEREOF**, this Confidential Information and Non Competition Agreement has been executed and accepted as of the date first stated above.

Robert Coleman, Jr.

BUYER:

SPENTA ENTERPRISES LTD.

By: _____

Its President / CEO

673332-3                                    4