IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SPENTA ENTERPRISES, LTD., an Illinois )
corporation, and HOSHANG R. KARANI,  )
                                     )    Case No. 08 C 0495
            Plaintiffs,              )
                                     )
    v.                               )    Judge Gettleman
                                     )
CHIZUCO COLEMAN and ROBERT           )
COLEMAN,                             )
                                     )
            Defendants.              )

DEFENDANTS' REPLY MEMORANDUM IN FURTHER
SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

The Defendants, Chizuco Coleman and Robert Coleman, by and through their

attorneys, David A. Kaufman and Associates, David A. Kaufman and Jeremy J. Kramer,

submit this reply memorandum in further support of their Motion to Dismiss Plaintiffs'

Complaint.

ARGUMENT

I.    The Stock Purchase Agreement Provides Courts in Lake County, Illinois,
      With Exclusive Jurisdiction.

This lawsuit should be dismissed for lack of jurisdiction. The Circuit Court of

Lake County, Illinois, has exclusive jurisdiction to hear this case based upon the express

terms contained in the agreement between the parties.

Plaintiffs and Defendants are sophisticated business entities who entered into a

contract for the purchase of Coleman Fire Proof Door Co. and all of its stock on

September 27, 2006. The parties executed the Stock Purchase Agreement, attached as

Exhibit A to the Complaint, along with several addendum and additional agreements. Paragraph 9 of the Stock Purchase Agreement provides that, "Courts within the State of Illinois (located within Lake County) will have exclusive jurisdiction over all disputes between the parties arising out of or relating to *this agreement and the other transaction documents*. The parties hereby consent to and agree to submit to the jurisdiction of such courts." (emphasis added).

It is evident that the parties intended for the Stock Purchase Agreement to be the controlling transactional document for the underlying transaction. Therefore, the jurisdictional provisions contained in the other transaction documents are superseded by the jurisdictional provisions contained in the Stock Purchase Agreement.

As such, the courts located in Lake County, Illinois, have exclusive jurisdiction to hear the disputes between the parties in this case. There is absolutely nothing unreasonable or significantly burdensome on the Plaintiffs if they are required to litigate their claims in the courts in Lake County, Illinois. The parties here bargained for the choice of forum provision contained in the Stock Purchase Agreement, and therefore, said provision should be enforced and this case dismissed for lack of jurisdiction.

## II.    Plaintiffs' Fraud Claims Should be Dismissed.

Plaintiffs' claims of common law fraud and violations of Federal Securities Fraud Section 10(b) should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted or in the alternative under Fed. R. Civ. P. Rule 9(b) for failure to meet heightened pleadings requirements.

A.    **Plaintiffs' Common Law Fraud Count Fails under Rule 12b(6) and Rule 9(b).**

Count VI of Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 9(b).

The elements of fraud are: (1) a false statement of material fact; (s) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statements. *Transcontinental Industries v. Pricewaterhouse Coopers,* 475 F.3d 824 (7th Cir. 2007) citing *Connick v. Suzuki Motor Co.,* 174 Ill. 2d 482, 675 N.E.2d 584, 591, 221 Ill. Dec. 389 (Ill. 1997). Fraud claims must include specific allegations of fact from which fraud may be inferred. *Wright v. Chicago Title Insurance Co.,* 196 Ill. App. 3d 920 (1st Dist. 1990). Rule 9(b) requires a plaintiff alleging fraud to state the identity of the person who made a misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. *See Vicom Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 777 (7th Cir. 1994).

Plaintiffs, in their Brief in Opposition to Defendants' Motion to Dismiss, refer to several paragraphs in their Complaint, however those allegations merely consist of conclusions.

Plaintiffs here have failed to allege sufficient facts that Defendants' knew that the statements given in Para. 122 of the Complaint were false or that Defendants' statements were an attempt to induce the Plaintiffs to enter into the underlying transaction with the

Defendants.  Similarly, Plaintiffs fail to state *who* made such statements, *when* such statements were made, *where* such statements were made and *how* such statements were made.

A review of the Complaint establishes that the Plaintiffs failed to allege specific facts to allege a cause of action for common law fraud.  Therefore, Count VI of Plaintiffs' Complaint should be dismissed.

### B.    Plaintiffs' Federal Securities Fraud Count Fails under Rule 12b(6) and Rule 9(b).

Count V of Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted or in the alternative under Fed. R. Civ. P. Rule 9(b) for failure to meet heightened pleadings requirements.

In order to state a claim for a private cause of action under Rule 10b-5, a plaintiff must allege: (1) the defendant made a false statement or omission; (2) of material fact; (3) with scienter; (4) in connection with the purchase or sale of securities; (5) upon which the plaintiff justifiably relied; (6) and that the false statement proximately caused the plaintiff's damages.  *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997).

With respect to 10b-5 causes of action, causation has two necessary components: "transaction causation" and "loss causation."  *Id.*  "To plead transaction causation, the plaintiff must allege that it would not have invested in the instrument if the defendant had stated truthfully the material facts at the time of the sale."  *Id.*  "To plead loss causation, the plaintiff must allege that it was the very facts about which the defendant lied which

4

caused its injuries." *Id.* The Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 577 (2005), stressed that the complaint must "'specify each misleading statement," *Dura,* 544 U.S. at 345, and that there must be "a causal connection between the material misrepresentation and the loss," *Id.* at 342, not simply that the misrepresentation "'touches upon' a later economic loss." *Id.* at 343.

As previously stated in Defendants' Motion to Dismiss, in an analogous case, the Seventh Circuit held that without express allegations specifying each misleading statement and a causal connection to loss, a complaint simply fails under Rule 12(b)(6) and Rule 9. *Transcontinental Industries v. PricewaterhouseCoopers,* 475 F.3d 824 (7th Cir. 2007).

Here, the Plaintiffs' Complaint fails to *specify each misleading statement* made by the Defendants and also fails to specifically allege *a causal connection between the material misrepresentation and the loss*. As such, Count V of Plaintiffs' Complaint should be dismissed.

## CONCLUSION

Plaintiffs' Complaint and all of their allegations should be dismissed under Fed. R. Civ. P. Rule 12(b) as the proper forum for settling any disputes lies in the state courts located in Lake County, Illinois. Alternatively, Counts V and VI of Plaintiffs' Complaint should be dismissed under Fed. R. Civ. P. Rules 12(b) and 9(b).

WHEREFORE, Defendants respectfully request that the Court enter judgment in

their favor and dismiss Plaintiffs' Complaint.

Respectfully submitted,

CHIZUCO COLEMAN and
ROBERT COLEMAN

By: /s/ Jeremy J. Kramer_____
        One of Their Attorneys

David A. Kaufman, Esq. (ARDC #6195977)
Jeremy J. Kramer, Esq. (ARDC #6237482)
David A. Kaufman and Associates
Counsel for Defendants
555 Skokie Boulevard, Suite 500
Northbrook, Illinois 60062
Phone (847) 480-1020
Fax (847) 480-5740

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendants' Reply Memorandum in Further Support of Their Motion to Dismiss was served on the attorney listed below electronically via CM/ECF on June 13, 2008:

> Ralph C. Hardesty, Esq.
> Hardesty & Associates
> 55 West Monroe, Suite 3720
> Chicago, IL 60603

By: /s/ Jeremy J. Kramer\_\_\_\_\_

David A. Kaufman, Esq. (ARDC #6195977)
Jeremy J. Kramer, Esq. (ARDC #6237482)
David A. Kaufman and Associates
Counsel for Defendants
555 Skokie Boulevard, Suite 500
Northbrook, Illinois 60062
Phone (847) 480-1020
Fax (847) 480-5740