# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPENTA ENTERPRISES, LTD., an Illinois corporation, and HOSHANG R. KARANI,  )<br>)<br>)<br>Plaintiffs,  )<br>v.  )<br>)<br>CHIZUCO COLEMAN, and ROBERT COLEMAN,  )<br>)<br>)<br>Defendants  ) | No. 08 C 0495<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Spenta Enterprises, Ltd. ("Spenta") and Hoshang R. Karani ("Karani") have filed a nine-count complaint against defendants Chizuco and Robert Coleman arising from Spenta's purchase of 100 percent of Coleman Fire Proof Door Co.'s existing stock. The complaint alleges breach of contract (Counts I, II III, VII, and VIII); federal securities fraud in violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (2000) (Count V); and common-law fraud and fraudulent misrepresentation (Count VI). In addition, the complaint seeks indemnification (Count IV) and a declaration of rights with regard to an Installment Promissory Note (Count IX).

Defendants have moved to dismiss on two grounds. First, defendants argue the entire complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because the stock purchase agreement contained a "choice of forum" provision that did not include this court. Second, defendants argue the fraud allegations (Counts V and VI) fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) or, in the alternative, fail to satisfy the heightened pleading requirement for fraud under Fed. R. Civ. P. 9(b). For the reasons discussed below, the

court concludes that the "choice of forum" provision is valid and enforceable, and accordingly grants the motion to dismiss the complaint in its entirety.[1]

## FACTS[2]

Spenta, an Illinois corporation, agreed in September 2006 to purchase from Chizuco Coleman all the existing stock of Coleman Fire Proof Door Co. for $3 million. Chizuco Coleman is a resident of Wisconsin, as is her husband, Robert, who ran the company prior to the purchase. Karani, a resident of Illinois, was the guarantor of Spenta.

The Stock Purchase Agreement described the representations and warranties of the seller and purchaser; outlined pre- and post-closing conditions and covenants; and stated other numerous terms in significant detail. Of particular note to the instant litigation is paragraph 9.5 of the agreement:

> Governing Law; Submission to Jurisdiction. This agreement shall be governed by, and construed and enforced in accordance with, the laws of the state of Illinois. Courts within the state of Illinois (located within Lake County) will have exclusive jurisdiction over all disputes between the parties arising out of or relating to this agreement and the other transaction documents. The parties hereby consent to and agree to submit to the jurisdiction of such courts. Each of the parties waives, and agrees not to assert in any such dispute, to the fullest extent permitted by applicable law, any claim that (a) such party is not personally subject to the jurisdiction of such courts; (b) such party and such party's property is immune from any legal process issued by such courts; or (c) any litigation commenced in such courts is brought in an inconvenient forum.

---

[1] Because of this finding, the court makes no determination as to whether plaintiffs' fraud allegations are pleaded sufficiently under Fed. R. Civ. P. 12(b)(6) or 9(b).

[2] For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiffs. ;326;326 Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

The agreement also stated, under the "Rules of Construction," that "all exhibits and schedules attached to this agreement shall be deemed incorporated herein by reference as if fully set forth herein." These documents included the Installment Promissory Note, Guaranty, and Confidential Information and Noncompetition agreements, each of which – for some reason that escapes the court – contained a "choice of forum" provision different from that in the Stock Purchase Document. The Installment Promissory Note provided in paragraph 8.8:

> Venue. To the maximum extent permitted by law, borrower hereby agrees that all actions or proceedings arising in connection with this transaction shall be tried and determined only in the state and federal courts located in the County of Cook, State of Illinois. To the maximum extent permitted by law, borrower hereby expressly waives any right it may have to assert the doctrine of forum non conveniens or to object to venue to the extent any proceeding is brought in accordance with this section.

The Guaranty provided in paragraph 16:

> Consent to Jurisdiction. To induce lender to accept this guaranty, guarantor irrevocably agrees that, subject to lender's sole and absolute election, all actions or proceedings in any way arising out of or related to this guaranty will be litigated in courts having situs in Lake County, Illinois. Guarantor hereby consents and submits to the jurisdiction of any court located within Lake County, Illinois, waives personal service of process and agrees that all such service of process may be made by registered mail directed to guarantor at the address stated herein and service so made will be deemed to be completed upon actual receipt.

The Confidential Information and Noncompetition Agreement provided in paragraph 8:

> Governing Law and Forum. This agreement is executed in the State of Illinois and shall be construed and enforced in accordance with the laws of that state. All parties agree and consent that all disputes, claims, and controversies hereunder and interpretation hereof shall be brought in the exclusive forum of the federal or state courts of Illinois.

Spenta took possession of Coleman Fire on September 28, 2006. For the purposes of this opinion, it is unnecessary to describe in detail the financial and accounting irregularities Spenta subsequently encountered. It is sufficient to state that plaintiffs allege that the financial

3

statements provided by Chizuco Coleman prior to the sale were materially false and misrepresented Coleman Fire Proof Door Co.'s financial condition; that she and her husband made omissions of material facts in order to induce the stock purchase; and that she and husband violated the confidential and noncompetition agreements.

## DISCUSSION

Defendants have moved to dismiss plaintiffs' entire complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, due to the "choice of forum" provision in the Stock Purchase Agreement, which states that "courts within the state of Illinois (located within Lake County) will have exclusive jurisdiction over all disputes between the parties arising out of or relating to this agreement and the other transaction documents."[3]

As an initial matter, the court addresses the four different forum-selection clauses.[4] Defendants argue that the "choice of forum" provision in the Stock Purchase Agreement clause supersedes the others and controls. They point to language in the provision stating that courts in Lake County, Illinois, will have "exclusive jurisdiction" over all disputes arising out of, or relating to "this agreement and the other transaction documents." Because the Installment Promissory Note, Guaranty, and Confidential Information and Noncompetition Agreement clearly are "other transaction documents," defendants argue the forum-selection clause in the Stock Purchase Agreement governs them.

---

[3]The Seventh Circuit has stated that a "lack of venue challenge, based upon a forum-selection clause, is appropriately brought as a Rule 12(b)(3) motion to dismiss." Continental Ins. Co. v. M/V ORSULA, 354 F.3d 603, 606-7 (7th Cir. 2003). Accordingly, this court will treat plaintiffs' 12(b)(1) motion as if it had been brought as a 12(b)(3) motion.

[4]Because the plaintiff does not argue that the clauses are permissive, as opposed to mandatory, the court will treat the clauses as mandatory.

4

Plaintiffs argue that all four forum-selection clauses stand on equal footing and must be reconciled. They note that the Stock Purchase Agreement states that "all exhibits and schedules attached to this Agreement shall be deemed incorporated herein by references as if fully set forth herein." Because of this provision, according to plaintiffs, the Stock Purchase Agreement itself has not one, but four forum-selection clauses, all equally valid. The most open-ended clause, from the Confidential Information and Noncompetition Agreement, states that the "federal or state courts of Illinois" will be the "exclusive forum," at least over that agreement. A narrower provision, from the Stock Purchase Agreement, provides that venue is exclusive to "courts within the state of Illinois (located within Lake County)." Similarly, the third clause, imported from the Guaranty, states that venue is proper in "courts having situs in Lake County, Illinois." Finally, the Installment Promissory Note provides the fourth clause, which states that the venue can only be "in the state and federal courts located in the County of Cook, State of Illinois."

Plaintiffs argue the United States District Court for the Northern District of Illinois is the only court that can satisfy all four clauses. First, it is, obviously, a federal court in Illinois, satisfying the clause from the Confidential Information and Noncompetition Agreement. Second, it is physically located in Cook County, Illinois, satisfying the clause from the Installment Promissory Note. Finally, the court's judicial district includes Lake County, Illinois. Plaintiffs argue the court is thus also "located" within Lake County, satisfying the Stock Purchase Agreement and Guaranty clauses. In contrast, there is no federal court physically located in Lake County. If this case is litigated in Lake County, plaintiffs argue, it would have to be in state court, which would violate the Installment Promissory Note clause.

The defendants' argument is more persuasive for two reasons. First, it appears that the parties intended the Stock Purchase Agreement to be the controlling document in this transaction. The Stock Purchase Agreement specified, in significant detail, the terms of the sale, and included a choice of forum provision applicable to "this agreement and *the other transaction documents*" (emphasis added). This language demonstrates a clear intention for the forum-selection clause to control. Although the agreement did incorporate the other transaction documents, this court concludes that this referred only to their substantive elements. It is unlikely that sophisticated business parties, negotiating the sale of a business for $3 million, intentionally decided to include four forum-selection clauses in a single contract.

In addition, plaintiffs' interpretation of the choice-of-forum provisions in the Stock Purchase Agreement and Guaranty defies common sense and a substantial body of case law, including decisions from this district. The provisions unambiguously refer to a specific county in Illinois and do not mention the federal courts or a federal judicial district. "A forum selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county." Sompo Japan Ins., Inc. v. Alarm Detection Systems, Inc., 2003 WL 21877615 at *2 (N.D. Ill., Aug. 6, 2003). See also Infinite Technology, Inc. v. Rockwell Electronic Commerce Corp., 2001 WL 527357 (N.D. Ill. May 16, 2001) (contract that required litigation to be brought in "courts of DuPage County, State of Illinois" could not be interpreted to include federal court located in Cook County, Illinois).

Further, the majority of courts to have considered the issue have rejected plaintiffs' position. See, e.g., Navickas v. Aircenter, Inc., 2003 WL 21212747 (E.D. Tenn. April 10, 2003) (clause that specified venue in Marion County, Tennessee, could not be construed to include a

6

federal court that had jurisdiction over Marion County, but was not physically located in the county); Intermountain Sys., Inc. v. Edsall Const. Co., 575 F.Supp. 1195 (D. Colo. 1983) (clause stating that "venue shall be in Adams County, Colorado" could not be read as including federal district court when no such court was physically located in Adams County); see also Paolino v. Argyll Equities, L.L.C., 2005 WL 2147931 at *4 (W.D. Tex. Aug. 31, 2005) (collecting cases demonstrating this point). Although these decisions are not binding, the weight of authority is persuasive. Thus, for the reasons noted above, this court finds that the venue provision in the Stock Purchase Agreement governs the instant case and, if valid, requires that litigation be brought exclusively in courts physically located in Lake County, Illinois.

Having identified the applicable forum selection clause, the court next must determine whether the clause is valid and enforceable. The Seventh Circuit has yet to decide whether federal or state law should be used to make this determination, Abbott Laboratories v. Takeda Pharmaceutical Co. Ltd., 476 F.3d 421, 423 (7th Cir. 2007), but the differences between the two are minimal, and either choice leads to the same outcome in the instant case. Both the Seventh Circuit and Illinois state courts follow the basic premise articulated in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 12 (1972), that contractual forum selection clauses are *prima facie* valid and should be enforced absent some compelling reason to the contrary. Generally speaking, the Seventh Circuit will find such reasons exist when the clause was the result of fraud, undue influence, or extreme disparities in bargaining power between the parties; or when enforcing the clause would contravene a strong public policy of the chosen forum, impose significant costs on third parties or the judicial system, or essentially deprive the complaining party of its day in court because the forum is exceedingly difficult or inconvenient.

See AAR Intern., Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 525 (7th Cir. 2001); Northwestern Nat. Ins. Co. v. Donovan, 916 F.2d 372, 376 (7th Cir. 1990).

State courts in Illinois often find a compelling reason in similar situations and hold the forum selection clause to be unreasonable. In determining the reasonableness of a clause, courts consider: (1) the law that governs the formation and construction of the contract, (2) the residency of the parties, (3) the place of execution and/or performance of the contract, (4) the location of the parties and their witnesses, (5) the inconvenience to the parties of any particular location, and (6) whether the clause was bargained for. Aon Corp. v. Utley, 371 Ill. App. 3d 562, 569 (1st Dist. 2006) (citing Calanca v. D & S Manufacturing Co., 157 Ill. App. 3d 85, 88 (1st Dist. 1987)). Plaintiffs note, correctly, that parties that object to enforcing a forum selection clause bear the burden of proving the clause is unreasonable, Aon Corp., 371 Ill. App. 3d at 569, and argue defendants have failed to carry this burden. But as a result of this court's determination that the forum selection clause should be read as placing venue exclusively in courts in Lake County, Illinois, the plaintiffs are, in fact, the objecting party. Based on plaintiffs' own brief, it cannot meet the burden. Plaintiffs acknowledge that Illinois law governs the contract; that plaintiffs are residents of Lake County; that the business is in Lake County; that some witnesses will be in Lake County; and that the parties had bargained for the forum selection clause. It surely would not be unreasonable to require plaintiffs to litigate this case in the state court located in Lake County.

Finally, courts that have addressed forum selection clauses in similar cases have considered whether upholding the clause effectively would contravene a strong public policy as embodied in the anti-waiver provisions of the Securities Exchange Act of 1934, 15 U.S.C. §

78cc(a). ("Any condition, stipulation, or provision binding any person to waive compliance with any provision of this chapter or of any rule or regulation thereunder, or of any rule of an exchange required thereby shall be void.") Although plaintiffs do not explicitly make this argument, they note that 15 U.S.C. § 78aa gives exclusive jurisdiction to federal courts for their federal securities fraud claim. Thus, if the forum selection clause is allowed to stand and plaintiffs are forced to litigate in state court, the clause effectively would function as a waiver.

Despite the seemingly firm language of § 78aa, courts have upheld forum selection clauses even when doing so meant that parties could not bring their federal securities claims. The case law is rich with examples of U.S. citizens who, in entering into international transactions, agreed to litigate any disputes in a foreign forum, only to argue later that the anti-waiver provisions mean the forum selection clause is invalid. Overwhelmingly, courts, including the Seventh Circuit, have rejected this argument when the chosen forum provides suitable remedies. Bonny v. Society of Lloyd's, 3 F.3d 156 (7th Cir. 1993); see also Pong v. American Capital Holdings, Inc., 2007 WL 657790, E.D. Cal. (Feb. 28, 2007) (collecting U.S. circuit court cases to this effect).

In Bonny, the court held that the forum-selection clause did not contravene public policy because it was "satisfied that several remedies in England vindicate plaintiffs' substantive rights while not subverting the United States' policies of insuring full and fair disclosure by issuers and deterring the exploitation of United States investors." Id. at 161. Although Bonny involved an international transaction, this court finds that its reasoning is equally applicable in the domestic context. Even if the forum selection clause precludes plaintiffs from bringing their federal securities claim, the Illinois securities law and doctrine of common law fraud are more than

adequate substitutes to vindicate their substantive rights. Compare 815 I.L.C.S. 5/12(F), (G), (I) with 15 U.S.C. § 78j(b) (2000) and 17 C.F.R. § 240.10b-5 (2000). In addition, nothing in the record suggests that the forum selection clause in the Stock Purchase Agreement was the result of fraud or undue influence, or that enforcing it would impose significant costs on third parties or the judicial system. Therefore, because the forum selection clause is neither unreasonable nor contrary to public policy, it is valid and enforceable.

## CONCLUSION

For the reasons discussed above, the court grants defendants' motion to dismiss the complaint in its entirety without prejudice based on improper venue. The Stock Purchase Agreement is the controlling contract between these two parties, and it contains a valid and enforceable forum selection clause that requires this litigation to be brought in courts in Lake County, Illinois.

**ENTER:**    **August 4, 2008**

_____
**Robert W. Gettleman**
**United States District Judge**