**EXHIBIT B**

"<u>Taxes</u>" means: (a) any and all taxes, fees, levies, duties, tariffs, imposts and other charges of any kind, imposed by any Governmental Authority, including: (i) taxes or other charges on, measured by, or with respect to income, franchise, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation or net worth; (ii) taxes or other charges in the nature of excise, withholding, ad valorem, stamp, transfer, value-added or gains taxes; (iii) license, registration and documentation fees; and (iv) customs duties, tariffs and similar charges; and (b) any and all interest, penalties, additions to tax and additional amounts imposed in connection with or with respect to any amounts described in (a).

"<u>Title and Authorization Warranties</u>" means the warranties set forth in <u>Sections 3.1</u>, <u>3.4</u>, <u>3.23</u> and <u>4.2</u>.

"<u>Transaction Documents</u>" means, collectively, this Agreement, and each of the other agreements and instruments to be executed and delivered by any of the Parties in connection with the consummation of the Acquisition.

"<u>Year 2005 Statements</u>" means the balance sheet, cash flow statement and income statement of the Company for the 12-month period ended December 31, 2005, each of which has been compiled by Ravencroft Ltd., certified public accountants.

"<u>Year 2004 Statements</u>" means the balance sheet, cash flow statement and income statement of the Company for the 12-month period ended December 31, 2004, each of which has been compiled by Ravencroft Ltd., certified public accountants.

"<u>Year 2003 Statements</u>" means the balance sheet, cash flow statement and income statement of the Company for the 12-month period ended December 31, 2003, each of which has been compiled by Ravencroft Ltd., certified public accountants.

1.2     <u>Rules of Construction.</u>     The definitions in <u>Section 1.1</u> and elsewhere in this Agreement shall apply equally to both the singular and plural forms of the terms defined. Whenever the context may require, any pronoun shall include the corresponding masculine, feminine and neuter forms. The words "include," "includes" and "including" shall be deemed to be followed by the phrase "but not limited to." All references herein to Articles, Sections, Exhibits and Schedules shall be deemed references to Articles and Sections of, and Exhibits and Schedules to, this Agreement unless the context shall otherwise require. All Exhibits and Schedules attached to this Agreement shall be deemed incorporated herein by reference as if fully set forth herein. Words such as "herein," "hereof," "hereto," "hereby" and "hereunder" refer to this Agreement and to the Schedules and Exhibits, taken as a whole. Except as otherwise expressly provided herein: (a) any reference in this Agreement to any agreement shall mean such agreement as amended, restated, supplemented or otherwise modified from time to time; and (b) any reference in this Agreement to any law shall include corresponding provisions of any successor law and any regulations and rules promulgated pursuant to such law or such successor law. Neither the captions to Sections or subdivisions thereof nor the Table of Contents shall be deemed to be a part of this Agreement.

Documents shall be in writing and shall be deemed to have been duly given: (a) when delivered, if delivered by hand; (b) one (1) Business Day after transmitted, if transmitted by a nationally-recognized overnight courier service; (c) when sent by facsimile transmission, if sent by facsimile transmission which is confirmed; or (d) three (3) Business Days after mailing, if mailed by registered or certified mail (return receipt requested), in each case to the Parties at the following addresses (or at such other address for a Party as shall be specified in a notice given in accordance with this <u>Section 10.1</u>):

| If Seller or Company: | Coleman Fire Proof Door Co.<br>N9110 11th Drive<br>Westfield, WI 53964<br>Attention: Chicuzo Coleman<br>Facsimile: |
|---|---|
| With a copy to: | Donald J. Russ, Jr., Esq.<br>Chuhak & Tecson, P.C.<br>30 S. Wacker Drive, Suite 2600<br>Chicago, IL 60606<br>Facsimile:312.444.9027 |
| If to Purchaser: | Spenta Enterprises Ltd.<br>761 Buena Road<br>Lake Forest, IL 60045<br>Attention: Hoshang R. Karani<br>Facsimile: 847.615.7061 |
| With a copy to: | Gary L. Auerbach, Esq.<br>Much Shelist<br>191 N. Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>Facsimile: 312.521.2588 |

9.2    <u>Severability</u>.  If any provision of this Agreement for any reason shall be held to be illegal, invalid or unenforceable, such illegality shall not affect any other provision of this Agreement, but this Agreement shall be construed as if such illegal, invalid or unenforceable provision had never been included herein.

9.3    <u>Assignment; Binding Effect</u>.  No assignment by any Party of its rights nor delegation by any Party of its obligations under this Agreement or any Transaction Document shall be permitted unless the other Parties consent in writing thereto.  This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and permitted assigns.

9.4    <u>Exhibits and Schedules</u>.  All Exhibits and Schedules attached hereto and referred to herein are hereby incorporated herein and made a part of this Agreement for all purposes as if

646533-4                                    34

fully set forth herein. Except as expressly set forth on the attached Schedules, the definitions contained in the Agreement are incorporated therein by reference.

9.5    Governing Law; Submission to Jurisdiction.   THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF ILLINOIS. COURTS WITHIN THE STATE OF ILLINOIS (LOCATED WITHIN LAKE COUNTY) WILL HAVE EXCLUSIVE JURISDICTION OVER ALL DISPUTES BETWEEN THE PARTIES ARISING OUT OF OR RELATING TO THIS AGREEMENT AND THE OTHER TRANSACTION DOCUMENTS. THE PARTIES HEREBY CONSENT TO AND AGREE TO SUBMIT TO THE JURISDICTION OF SUCH COURTS. EACH OF THE PARTIES WAIVES, AND AGREES NOT TO ASSERT IN ANY SUCH DISPUTE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY CLAIM THAT (A) SUCH PARTY IS NOT PERSONALLY SUBJECT TO THE JURISDICTION OF SUCH COURTS; (B) SUCH PARTY AND SUCH PARTY'S PROPERTY IS IMMUNE FROM ANY LEGAL PROCESS ISSUED BY SUCH COURTS; OR (C) ANY LITIGATION COMMENCED IN SUCH COURTS IS BROUGHT IN AN INCONVENIENT FORUM.

9.6    Waiver of Jury Trial.   EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY PROCEEDING (WHETHER BASED IN CONTRACT, TORT OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY TRANSACTION OR AGREEMENT CONTEMPLATED HEREBY OR THE ACTIONS OF ANY PARTY HERETO IN THE NEGOTIATION, ADMINISTRATION, PERFORMANCE OR ENFORCEMENT HEREOF.

9.7    Interpretation.   The Parties have participated jointly in the negotiation and drafting of this Agreement. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any provisions of this Agreement.

9.8    Counterparts.   This Agreement may be executed and delivered (including by facsimile transmission) in one or more counterparts, and by the different Parties in separate counterparts, each of which when executed and delivered shall be deemed to be an original but all of which taken together shall constitute one and the same agreement.

9.9    Entire Agreement.   This Agreement (including the Schedules and Exhibits attached hereto) and the other Transaction Documents executed in connection with the consummation of the Acquisition contain the entire agreement between the Parties with respect to the subject matter hereof and supersede all prior agreements, written or oral, with respect thereto, other than the Confidentiality Agreement.

9.10    Waivers and Amendments.   This Agreement may be amended, superseded, canceled, renewed or extended only by a written instrument signed by the Parties hereto. The provisions hereof may be waived only in writing signed by the Party waiving compliance. No delay on the part of any Party in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any waiver on the part of any Party of any such right, power or